## BUTLER v. JOHNSON.

1. In an action on the case for a malicious prosecution, for perjury before a justice of the peace, the defendant cannot prove, that the grand jury at a previous term of the court, directed the solicitor to bring in a bill of indictment against the plaintiff for perjury.

Writ of error to the Circuit Court of Tallapoosa.

ACTION on the case for a malicious prosecution, by the defendant against the plaintiff in error.

The declaration sets forth the cause of action to be, a charge of perjury upon a proceeding before a justice of the peace. The plaintiff below offered evidence tending to prove the facts alledged in his declaration, and thereupon the defendant introduced as a witness one of the members of the grand jury, at the fall term, 1844, of Tallapoosa circuit court, who proved, that at said term he presented to the grand jury a charge of perjury against the plaintiff, and that the grand jury, upon hearing the evidence then adduced, agreed to find a true bill for perjury against the plaintiff, and requested the solicitor to draw up a bill of indictment, which he declined to do, because the account which the plaintiff had sworn to, and on which the charge of perjury had been predicated, was not before the grand jury, and they could not inform him of the items of the account; that for this cause the indictment was not drawn up, though agreed to. To this evidence the plaintiff objected, but it was permitted to go to the jury, and the plaintiff excepted.

RICE, for plaintiff in error.
BOWDON, contra.

ORMOND, J.—The evidence admitted by the court, amounts to nothing more, than that the witness on a former occasion, had accused the plaintiff of being guilty of perjury.

It can make no difference, that the accusation was sworn to before the grand jury. The proceeding was *ex parte:* the plaintiff had no power to cross-examine the witnessess, or to offer testimony in his exculpation. It is to be sure stated, that the grand jury directed a bill of indictment to be drawn up; but if an act of the grand jury, such as the finding of a true bill, would be admissible, the mere unexecuted determination to do the act, could not be evidence for any purpose; and if admissible, could not be proved by any number short of the entire grand jury. The evidence offered was not only mere hearsay, but it was also an attempt to prove the intentions of others to do a particular act. In any aspect in which it can be viewed, it was clearly inadmissible.

This renders it unnecessary to consider the objection made to the witness as a grand juror, or in what cases, or for what purposes a grand juror may disclose what took place in the grand jury room.

Let the judgment be reversed and the cause remanded.